# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY E. RICE (K-99673), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 C 6887 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| ) | |
| WILLIAM MURPHY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants' motion to dismiss [24] is granted. Plaintiff's amended complaint and this case are dismissed. Final judgment will be entered. Civil case terminated. If plaintiff seeks to appeal this judgment, he must file a notice of appeal in this court within 30 days of the date judgment is entered on the court's docket.

## STATEMENT

Plaintiff Jeffrey E. Rice, an Illinois prisoner confined at the Shawnee Correctional Center, filed this 42 U.S.C. § 1983 civil rights action in September of 2017 while he was a pretrial detainee at the Cook County Jail. Naming Chicago Police Officers Murphy and Callahan, Plaintiff asserts that he was falsely arrested on April 2, 2017. Allegedly, these officers originally stopped and searched Plaintiff, saying they believed he was a shooter in a crime and had a gun. (Dkt. 8, pg. 8.) They released Plaintiff, but later that day arrested him for allegedly selling drugs (*id.*, pg. 8-9), based on two observations while surveilling him. First, they saw Plaintiff stand on a sidewalk, get approached by a man, go with the man into an alley, and return counting money. (*Id.*, pg. 8.) Second, shortly later, they saw Plaintiff engage in a hand-to-hand transaction with a woman. (*Id.*) Plaintiff states that he was working as a handyman, doing odd jobs at the time, and that both of the persons with whom the officers saw him interact were tenants of the building where he worked. (*Id.*, pg. 10.) In the transaction with the woman, plaintiff alleges, he merely handed her his cigarette lighter. (*Id.*) Plaintiff asserts that there were no grounds to stop and detain him because "at no time was plaintiff selling or in possession of any drugs." (*Id.*, 9-11.) Based on plaintiff's allegations, the Court allowed him to proceed with a claim of false arrest. (Dkt. 13.)

On January 12, 2018, Plaintiff pled guilty to the charge—possession of a controlled substance—that resulted from the April 2, 2017 arrest. (Dkt. 24-1, pg. 1-19) (transcript of Plaintiff's guilty-plea hearing). Shortly thereafter, Defendants filed the motion to dismiss currently pending before this Court. (Dkt. 24.) They seek dismissal of this case as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the United States Supreme Court held that a § 1983 civil rights action is not a proper vehicle to challenge a conviction, and a claim of a constitutional violation related to a criminal case cannot proceed if its success would necessarily

imply that a conviction is invalid, unless the conviction has already been invalidated. Plaintiff has responded to the motion. (Dkt. 28.)

Consideration of Plaintiff's amended complaint, Defendants' motion to dismiss,[1] Plaintiff's response, and Plaintiff's guilty plea,[2] demonstrates clearly that Plaintiff's claim is barred by *Heck*, 512 U.S. at 487.

In *Heck*, the Supreme Court held that a § 1983 claim cannot proceed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction . . . unless the plaintiff can demonstrate that the conviction . . . has already been invalidated." 512 U.S. at 487. Plaintiff's conviction has not been invalidated, he is still serving a sentence for that conviction, and he cannot bring a § 1983 claim if success on the claim would necessarily imply that his conviction is invalid.

"Many claims that concern how police conduct searches or arrests are compatible with a conviction." *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017) (quoting *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)). Often, "[w]hether the arresting officer had probable cause to arrest the plaintiff ha[s] no bearing on the validity of the guilty plea and conviction." *Rollins v. Willett*, 770 F.3d 575, 576-77 (7th Cir. 2014); *see also Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008).

But this is not to say that allegations of false arrest are never *Heck*-barred. The Seventh Circuit Court of Appeals has held on numerous occasions that a § 1983 plaintiff "may plead himself into a *Heck* bar by insisting on facts inconsistent with his guilt." *Easterling v. Moeller*, 334 F. App'x 22, 24 (7th Cir. 2009). If a plaintiff alleges he committed no offense or that officers planted the evidence upon which his conviction was based, success on such Fourth Amendment claims would necessarily imply his conviction is invalid. *See Gordon v. Miller*, 528 F. App'x. 673, 674 (7th Cir. 2013) (a § 1983 claim is *Heck*-barred where a plaintiff "insists that the arrest and prosecutions were wrongful because he never" committed the offense); *see also Rollins,* 770 F.3d at 576 ("So suppose a defendant convicted of possessing illegal drugs found on his person sued the officer who had found the drugs, alleging that the officer planted them. If he won the suit, it would imply the invalidity of his drug conviction."); *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003) (explaining that Plaintiff's "steadfast[]" adherence "to his position that there were no drugs, that he was framed" constituted a collateral attack on his conviction barred by

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cited case omitted). Although a *pro se* plaintiff's complaint is liberally construed and all reasonable inferences are viewed in his favor, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), if a plaintiff pleads facts demonstrating he has no valid claim for relief, a court may dismiss the claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

[2] Review of a motion to dismiss usually involves consideration of only the complaint. See Fed. R. Civ. P. 12(d) (a motion to dismiss that includes matters not in the complaint should be converted into one for summary judgment). But courts may take judicial notice of matters of public record, such as pleadings and transcripts from another proceeding. *See Santana v. Cook Cty. Bd. of Rev.*, 679 F.3d 614, 619-20 (7th Cir. 2012); *Ray v. City of Chi.*, 629 F.3d 660, 665 (7th Cir. 2011); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

*Heck*).

Here, plaintiff asserts in his amended complaint a claim of false arrest, based on allegations that "he wasn't doing anything unusual to justify detaining plaintiff in any fashion," that "at no time was plaintiff selling or in possession of any drugs", and that the officers were "wrong and bogus." (Dkt. 8, pg. 9-11.) He also reiterates in his response brief the assertion in his amended complaint that he was working as a handyman while the officers were surveilling him. (Dkt. 28, pg. 1.) Plaintiff does not appear to dispute that he actually had the two interactions that the officers observed and suspected to be drug transactions; he merely claims that they were innocent transactions with tenants of the building where plaintiff worked, and the officers "flagrantly testified to a false arrest of plaintiff as well as falsified police reports." (Dkt. 8, pg. 10-12.) Thus, plaintiff essentially admits to participating in suspicious behavior that looked to the officers like hand-to-hand drug transactions, but claims that he did not actually have any drugs in his possession.

But according to Plaintiff's guilty plea nine months later, he had committed a crime. Plaintiff pled guilty to "unlawfully and knowingly possess[ing] . . . less than 15 grams of heroin, which is a controlled substance." (Dkt. 24-1, pg. 4-5.) Plaintiff also stipulated that the factual basis of the guilty plea was, in part, that "during the course of [the officers'] investigation they did find this defendant in possession of three packets of what they believed to be heroin". (*Id.*, pg. 10.) Plaintiff's guilty-plea admission to committing this offense cannot co-exist with the claim he makes in this case, a claim that he was unlawfully arrested because he "wasn't doing anything unusual", "was at no time . . . in possession of any drugs", and was merely working as a handyman at the time of the arrest. Plaintiff was able to assert this claim prior to his January 2018 guilty-plea conviction, but not after. Success on his § 1983 claim would "necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Plaintiff cannot proceed with his § 1983 claim until his conviction is invalidated through a proceeding designed to address the validity of convictions (a direct appeal, state petition for post-conviction relief, federal petition for habeas corpus relief, or a pardon by an official with such authority).

Accordingly, for the reasons stated herein, Defendants' motion to dismiss is granted. Plaintiff's amended complaint and this case are dismissed. The dismissal is without prejudice insofar as Plaintiff may seek to reinstate this case if his conviction is invalidated. But he cannot pursue this case at this time. The clerk is directed to enter final judgment and close this case.

If Plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment and pay the $505.00 filing fee. Fed. R. App. P. 4(a)(1). Under Fed. R. App. P. 24(a)(1) and 28 U.S.C. § 1915, Plaintiff may seek, via a motion in this Court, to proceed in forma pauperis on appeal, which will allow him to pay that fee in installments.

If plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment and pay the $505.00 filing fee. Fed. R. App. P. 4(a)(1). If plaintiff cannot prepay the filing fee, he may file another *in forma pauperis* application to pay the fee in

3

installments.  The fee must be paid regardless of the appeal's outcome; however, if Plaintiff is successful, he may be able to shift the cost to Defendants.  See Fed. R. App. P. 39(a)(3); *Thomas v. Zatecky,* 712 F.3d 1004, 1005 (7th Cir. 2013) ("A litigant who proceeds *in forma pauperis* still owes the fees. If he wins, the fees are shifted to the adversary as part of the costs; if he loses, the fees are payable like any other debt.").  If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g).  If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit or appeal a judgment in federal court without prepaying the filing fee, unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

Plaintiff need not bring a motion to reconsider this court's ruling to preserve his appellate rights.  However, if he wishes the court to reconsider its judgment, he may file a motion under Fed. R. Civ. P. 59(e) or 60(b).  A Rule 59(e) motion must be filed within 28 days of the entry of this judgment, *see* Fed. R. Civ. P. 59(e), and cannot be extended.  Fed. R. Civ. P. 6(b)(2).  A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon.  Fed. R. App. P. 4(a)(4)(A)(iv).  A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment.  Fed. R. Civ. P. 60(c)(1).  The time to file a Rule 60(b) motion cannot be extended.  *See* Rule 6(b)(2).  A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled upon only if the motion is filed within 28 days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**SO ORDERED.**   **ENTERED: September 26, 2018**

 

 

**HON. JORGE ALONSO**
**United States District Judge**